# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

STEPHEN MILINICHIK,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)　Case No. 14-CV-101-JED-FHM
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
HALCON RESOURCES CORP. and　　　　)
JIM STUBBS,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　)

## OPINION AND ORDER

Plaintiff, Stephen Milinichik, initiated this action in Tulsa County District Court. He asserted a claim for breach of contract and an alternative claim for unjust enrichment, based upon an alleged severance agreement. According to the Petition: (1) plaintiff was employed with defendant Halcon Resources Corp. (Halcon) (Doc. 2-1 at ¶¶ 2-3); (2) on September 12, 2013, he was informed by the defendants that Halcon would be laying off employees, including plaintiff, on or about October 31, 2013; (3) defendants advised plaintiff that, "in exchange for his staying as an employee ... until [October 31, 2013], he would be provided a severance package"; (4) plaintiff accepted, thereby forming a contract, which he performed as agreed; and (5) defendants refused to pay the severance. (Doc. 2-1 at 1-2).

Defendants removed the action, asserting that the Court has subject matter jurisdiction based on federal question, because the severance agreement that is the basis of the Petition is actually an ERISA plan such that plaintiff's state law claims are subject to complete preemption. (Doc. 2). Defendants also asserted that the exercise of subject matter jurisdiction is appropriate on the basis of diversity jurisdiction, because: the Petition asserts a claim for damages "which exceed $75,000" (Doc. 2-1 at ¶ 17); Halcon is a citizen of Texas and thus has diverse citizenship

from plaintiff, an Oklahoma resident; and defendant Jim Stubbs, an Oklahoma resident, was improperly joined as a defendant to defeat diversity. (*See* Doc. 2).

Halcon filed an Answer. Stubbs moved to dismiss on two alternative grounds. He asserts that the alleged severance agreement upon which plaintiff bases his state law breach of contract and alternative unjust enrichment claims is in actuality an ERISA plan and that the Petition does not state an ERISA claim against Stubbs. Stubbs also argues that the Petition does not state any claim against him under state law.

The Court has reviewed all of the submissions made by the parties and concludes that Stubbs's motion to dismiss should be granted. The Petition and plaintiff's Response to the dismissal motion assert that Halcon was plaintiff's employer and that Stubbs was acting within the scope of his employment as plaintiff's supervisor at Halcon. (*See* Doc. 2-1 at ¶¶ 2-3 [alleging Halcon to be the employer]; Doc. 11 at 6 [alleging that plaintiff believes that Stubbs "was acting within the scope and authority of his employment"]). "The general rule is that a contract made with a known agent for a disclosed principal is a contract with the principal alone." *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230, 1234 (Okla. 1989).[1] An individual agent, acting within the scope of his employment, is generally not liable for a principal's breach. *See id.* at 1235; *Carter v. Schuster*, 227 P.3d 149, 155 (Okla. 2009); *see also Shebester v. Triple Crown Ins.*, 826 P.2d 603, 609 n.21 (Okla. 1992) (an agent making a contract for a disclosed principal does not become a party to the contract).

Plaintiff offered no legal authority or factual argument in response to Stubbs's assertion that the Petition does not allege any facts that plausibly state claims against Stubbs for breach of

---

[1] Both plaintiff and Stubbs have cited Oklahoma law as controlling any non-ERISA claims that may be stated in the Petition. (Doc. 2-1 at ¶ 18; Doc. 9 at 11). As there appears to be no conflict of laws issue, the Court will apply Oklahoma law in this analysis.

contract or unjust enrichment, (*see* Doc. 11 at 6; Doc. 9 at 9-13). The Petition does not provide any "facts to state a claim for relief that is plausible on its face" against Stubbs, and the claims against him should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).[2]

In his response, plaintiff suggests that he should be granted leave to amend in the event that Halcon "ever raise[s] a defense that Stubbs was acting outside the scope of employment...." (Doc. 11 at 6). However, plaintiff has not identified *any* facts that give rise to a claim against Stubbs at this time, and the Court is unwilling to grant leave to amend based upon mere speculation about a possible future event.

IT IS THEREFORE ORDERED that defendant Jim Stubbs's Motion to Dismiss (Doc. 9) is hereby **granted**.

SO ORDERED this 30th day of September, 2015

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] At this time, the Court need not determine the ERISA-preemption issue, which is also raised as a defense by Halcon in its Answer (Doc. 8). Resolution of that issue at this stage would require reference to materials outside of the pleadings, and the issue is accordingly better suited for determination at the summary judgment stage. However, the Court notes that, if the separation agreement is in fact an ERISA plan, the Petition does not state any cognizable ERISA claim against Stubbs such that dismissal of plaintiff's claims against Stubbs would be appropriate in any event.